UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR ALCORN <br><br>                                Plaintiff, <br><br>    - against - <br><br> COMPLEX MEDIA, INC. <br><br>                             Defendant. | Docket No. 18-cv-3804 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Victor Alcorn ("Alcorn" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Complex Media, Inc. ("Complex Media" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for copyright infringement under Section 501 of the Copyright Act.  This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of high school achiever Harold Ekeh.  The photograph is owned and registered by Alcorn, a New York-based professional photographer.  Accordingly, Plaintiff seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.     This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Alcorn is a professional photojournalist having a usual place of business at 117 Maple Street, Medford, NY 11763.

6.      Upon information and belief, Complex Media is a foreign business corporation duly organized and existing under the laws of Delaware with a place of business at 1271 Avenue of the Americas, 35th Floor, New York, New York 10020.

7.      Upon information and belief, Complex Media is registered with the New York Department of State, Division of Corporations to do business in the State of New York.

8.      At all times material hereto, Defendant has owned and operated the website at the URL: www.complex.com (the "Website").

9.      Defendant is a for-profit entity.

10.     Defendant's Website publishes news content.

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

11.     In 2015, Alcorn photographed Harold Ekeh, a high school student who was accepted to all eight Ivy League schools (the "Photograph").  A true and correct copy of the Photograph is attached hereto as Exhibit A.

12.     Alcorn licensed the Photograph to the New York Post.

13.     On April 5, 2015, the New York Post ran an article that featured the Photograph on its web edition entitled *'Meet the student accepted into all eight Ivy League schools'*.  See

https://nypost.com/2015/04/05/meet-the-student-accepted-into-all-eight-ivy-league-schools/

14.     The New York Post included an authorship credit (also known as a "gutter credit") below the Photograph which clearly identified Alcorn as the author of the Photograph. A true and correct copy of the New York Post article is attached hereto as Exhibit B.

15.     Alcorn is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

16.     The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-094-558, effective as of March 6, 2018 (the "Certificate"). A true and correct copy of the Certificate is attached hereto as Exhibit C.

**B.     Defendant's Infringing Activities**

17.     On or about April 6, 2015, Defendant ran an article on the Website entitled *'Meet the Latest Kid to Get Accepted Into Every Ivy League School.'  See* http://www.complex.com/pop-culture/2015/04/long-island-student-gets-accepted-into-every-ivy-league-school (the "Article")

18.     Defendant's Article prominently featured the Photograph.   Screenshots of the Article as it appears on the Website are attached hereto as Exhibit D.

19.     Commercial advertisements on Defendant's Website appear adjacent to, below or above the Photograph.

20.     Defendant did not obtain a license from Plaintiff to publish the Photograph on the Website.

21.     Defendant did not have Plaintiff's permission or consent to publish the Photograph on its Website.

22.     Prior to publishing the Photograph on its Website, Defendant did not communicate with Alcorn.

23.     Subsequent to publishing the Photograph on its Website, Defendant did not communicate with Alcorn.

24.     Plaintiff discovered the infringement in January 2018.

## CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST COMPLEX MEDIA)
### (17 U.S.C. §§ 106, 501)

25.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-24 above.

26.     Defendant infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website.  Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

27.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

28.     Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

29.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

30.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendant Complex Media be adjudged to have infringed upon Plaintiff's copyright in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.     That Defendant Complex Media be ordered to remove the Photograph from its Website;

3.     That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4.     That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5.     That Plaintiff be awarded pre-judgment interest; and

6.     Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).


Dated: Valley Stream, New York
         April 30, 2018

                                                  LIEBOWITZ LAW FIRM, PLLC
                                                  By: /s/richardliebowitz

Richard Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
rl@LiebowitzLawFirm.com

*Attorneys for Plaintiff*
*Victor Alcorn*